# McLean, to use of Davidson, *versus* Bindley.

A., the lessee of timber land, contracted with B. to cut the timber and saw it into lumber; he sold the lumber manufactured by B. to C., under an arrangement with B. that he should be paid out of the proceeds of the sale. A. recovered a judgment against C. for the price of the lumber sold him. B. brought an action against C. for the price of the manufacture of said lumber, which by agreement between them was tried before a referee, and judgment entered in favor of B.; this C. paid. C. set forth these facts in a petition and obtained a rule to show cause why the

amount paid in satisfaction of the judgment of B. should not be credited on the judgment of A. against him. A., in his answer, denied his right to this. The court discharged the rule. *Held (a)* that an appeal would not lie. *(b)* That C. had not shown such facts as would warrant the equitable interference of the court as prayed for. *(c)* That C. had had his day in court in the action of A. against him. *(d)* That a writ of *audita querela* would not avail him, as his defence to the action of A. had not arisen subsequent to the judgment.

November 3d, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, C. J. and CLARK, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county:* Of October Term 1886.

Appeal by Edwin Bindley from the judgment of said court discharging a rule to show cause why a certain amount, paid by him in satisfaction of a judgment obtained against him for the alleged debt of George F. McLean, should not be credited upon a judgment obtained against him by the said McLean.

The following are the facts of the case as they appeared in the court below:—

George F. McLean, the lessee of certain timber lands, made a contract with R. B. Little to saw the timber on the lands. Little accordingly took possession of the tract and manufactured a large amount of lumber. Before he was paid, McLean sold a portion of the lumber to Bindley, the appellant, and it was delivered to him upon the understanding between all these parties that Little's saw bill should be paid out of the proceeds of sale.

Numerous complications arose about McLean's right to the lumber, resulting in several suits by McLean and other claimants against Bindley. At the same time suit was brought by Little against Bindley, for the balance claimed to be due him on account of his services in sawing the lumber. To all these cases various defences were made by Bindley, arising out of the special circumstances of each case, and notice given by him of the Little suit to McLean. The result in the McLean case (the one out of which the present appeal arises) was a verdict for the plaintiff for $700. After the recovery of judgment in that case the suit of Little against Bindley was tried before a referee, resulting in an award against Bindley for $661.53. After the recovery of the latter judgment, Bindley filed his petition in the McLean case, setting forth the facts and averring that the amount of the Little judgment should be properly paid out of the money due McLean for the lumber, as it was a charge against said lumber and one for which a lien had existed in favor of Little, which had been transferred to the purchase money by agreement of all parties. He subsequently

filed an affidavit averring that he had paid the Little judgment. The court below was asked to mark a credit upon the judgment to the extent of the judgment paid to Little.

The following is the petition of Edwin Bindley:—

The petition of Edwin Bindley, the defendant in the above named case respectfully represents: That in this case judgment was obtained against him by George F. McLean, the plaintiff, for $700 and costs, being a balance claimed to be due on account of the purchase of certain lumber by said defendant from said McLean.

That one R. B. Little, for use of Douglass and Keally, brought suit against the defendant, claiming that they were entitled to be paid a certain sum of money for the sawing of timber and manufacturing of lumber, which said McLean sold to said Bindley, claiming that by agreement among the parties they agreed to waive their lien for their said saw bill and work, and to be paid out of the proceeds of the said sale to said Bindley.

That said suit was pending at No. 612, June Term, 1884, in your honorable court, and was referred by consent of parties to R. B. Petty, Esq., as referee, without exception or appeal, and the said referee did, on the 12th day of March, A. D. 1886, file his award, finding for the plaintiff in the sum of $661.53.

Your petitioner represents that this award against him is for the work done by said Little in the manufacture of said lumber, as aforesaid, and based upon the claim by said Little, that it was to be paid by said Bindley out of the purchase money due said McLean for said lumber, and pursuant to agreement with said McLean, and is in truth and fact a debt of said McLean, owing on account of lumber sold to your petitioner for the balance due, upon which the judgment in this present case was obtained, and your petitioner represents that, if he be compelled to pay to the plaintiff in this case the amount of his judgment, and also to pay to the said R. B. Little the amount of the award in the suit at No. 612, June Term, 1884, great injustice will be done to your petitioner thereby.

He therefore prays for an order, after notice to the said plaintiff in this case, granting to your petitioner a credit upon the judgment in this case for the amount of the award and costs in the suit at No. 612, June Term, 1884, when your said petitioner shall have paid the said award and costs in said last named case, and that execution be stayed in this case until such credit be entered.

On filing this petition the court granted the following rule: And now, to wit, March 13th, 1886, the above petition presented in open court and on motion of Knox & Reed, attorneys for petitioner, a rule is granted on plaintiff to show cause why

[McLean *v.* Bindley.]

the prayer of the petition should. not be granted.    Execution to be stayed in the meantime upon the judgment in this case.

To the petition of Bindley, McLean filed the following answer :—

The answer of George F. McLean for and in behalf of the equitable plaintiff in the above case to the rule of March 13th, 1886, granted on defendant's application to show cause why he should not be allowed a certain set-off, etc., respectfully represents :—

First. That the award of said R. B. Petty, Esq., referee, referred to in defendant's petition, is in no wise binding upon plaintiff; that neither this respondent, nor the said equitable plaintiff, ever consented or agreed that the controversy between said Bindley and R. B. Little should be tried and determined before a referee ; that the equitable plaintiff in this case died before the case of R. B. Little *v.* Bindley was referred to said R. B. Petty, Esq., and no notice of said case was ever given to his administrator.

Second. That in fact said R. B. Little is and was, at the time he alleges said Bindley agreed to pay the saw bill referred to in the case of Little *v.* Bindley, indebted to said George F. McLean to an amount larger than the sum demanded by him from said Bindley, and said McLean has brought suit for the balance due him against said Little at No. 81, December Term, 1884, in the said Court of Common Pleas No. 1, which suit is still pending and undetermined.

Third. That in this case said Bindley failed to set up by way of defence any alleged liability on his part for or in behalf of said George F. McLean to the said R. B. Little, and final judgment has been entered in this case, and this court has no jurisdiction to disturb, or in any way interfere, with said judgment.

After argument on this petition and answer, the court discharged the rule, whereupon Edwin Bindley books this appeal, assigning for error the action of the court in discharging said rule.

*Reed* (*Knox* with him) for appellant.

GORDON, J.—An appeal will not lie here.    The appeal will have to be quashed.

*John S. Ferguson,* for appellee.—We will agree that the case shall be heard as though a writ of error had been taken.

The case was accordingly heard as if a writ of error had been taken.

The rule is well settled that a sawyer has a lien upon the lumber sawed, for his services : Pierce *v.* Sweet, 33 Pa. St., 121.

And the property may be transferred subject to the lien; 3 Parson on Contracts, 244.

There was, therefore, a sufficient consideration for the agreement set out in the petition of the appellant, the truth of which is not denied, "that by agreement among the parties they agreed to waive their lien for their said saw bill and work, and to be paid out of the proceeds of the sale to said Bindley," and which claim has been substantiated by judgment in the suit of Little against Bindley.

The appellant is therefore in the position of having paid a debt of McLean to Little, which was secured by a lien on the same property which had been sold to Bindley by McLean, and the purchase money of which formed the subject of the present suit; for the whole amount unpaid McLean has recovered judgment. Clearly, justice would require that having paid off an incumbrance against the property, he should be entitled to satisfaction *pro tanto* of the claim of the vendor against him.

*John S. Ferguson*, for appellee.—The court had no power to grant the relief prayed for.

If it had it was in the discretion of the court and is not reviewable here.

If McLean was liable to Bindley for the claim for which Little obtained judgment, it would have been a defence in the action of McLean against him, and as he did not avail himself of it on the trial it is too late now.

McLean was not a party to the action of Little against Bindley, he has not had his day in court as to this claim, his liability to which he denies.

Mr. Justice PAXSON delivered the opinion of the court, January 3d, 1887.

We are clearly of opinion that no appeal lies in this case. To avoid this difficulty it was agreed at bar by counsel to treat the case as if here upon a writ of error. We do not see that this helps the matter. The order asked for, was a matter in the discretion of the court below, and it is at least doubtful whether we have any power to review it here. Were we to attempt to do so we would be without the information necessary to a proper disposition of the case. There is nothing before us but the petition and answer. The latter denies all the facts essential to sustain the equitable interference of the court. It would be a great stretch of power for any court to grant the prayer of this petition upon the facts as they are presented here. The plaintiff asks that the court below shall order a credit to be entered upon a certain judgment against him upon the ground that another judgment has been recovered

[Appeal of Mellon et al.]

against him which the plaintiff in the first judgment ought to pay, and that in the meantime execution shall be stayed upon said judgment. Yet this claim was a matter of defence which existed and might have been set up as a defence to the suit of McLean to use *v.* Bindley, 216, June 7th, 1881. When one man is sued for money which another man claims, there is always a way, if the proper means are taken at the proper time, to avoid having two judgments against him for the same debt. Here the judgment of Little et al. *v.* Bindley was entered upon the award of a referee, without exception or appeal. Neither McLean, nor the use plaintiff, agreed to this reference, nor does it appear that they had notice of it. That they should be now bound by it is a proposition which cannot be sustained for a moment.

The petitioner has had his day in court but has failed to use it. For this neither appeal nor writ of error will help him, nor even the writ of *audita querela.* This rusty piece of legal ordinance is only formidable when a defence has arisen subsequent to the judgment, and as to which the defendant has had no day in court.

The appeal is quashed at the costs of the appellant.