JAMES F. McKAY III, Judge.
1 TThe appellant and a codefendant were charged on June 2, 2008 with one count each of armed robbery with a firearm and attempted armed robbery with a firearm. Both men entered a not guilty plea on June 10, 2008. On January 8, 2009, the district court found probable cause and denied the motion to suppress the identification; trial was set for March 17, 2009. On that date, the State amended the bill of information as to the codefendant only to reflect that he was charged with armed robbery and attempted armed robbery, and the codefendant pled guilty as charged. The appellant proceeded to trial on count one only and was found guilty as charged. He was sentenced on March 30, 2009, to serve thirty years at hard labor, to run concurrently. The appellant’s motion for appeal was granted. The district court denied his motion for new trial on September 1, 2009.
STATEMENT OF FACT
On April 11, 2008, Nicholas Tassin and his crew were working for a builder at a house on New Orleans Street. He was in the front room of the house when he observed an African-American man with a gun approach one of his workers, who was exiting a van. The worker took off running. A second African-American man |?approached Mr. Tassin. The man entered the house, placed a gun to his head, and demanded his money or the man would “blow his brains out.” Mr. Tassin gave the man his wallet, check book, utility knife, cell phone, and cash. The man left, and Mr. Tassin saw him and the other African-American man get into a gold, four-door Buick bearing license plate number TYR009. Mr. Tassin ran back into the house and told someone to call 911. Paul Pervis made the call, and the dispatcher was provided with a description of Mr. Tassin’s assailant and the license plate number of the Buick. The assailant was described as having braids/dreadlocks and he was wearing black and white clothing and a ball cap. Mr. Tassin then went back outside where he was able to flag down a passing police vehicle. While Mr. Tassin was speaking with the officer that he flagged down, the officer received a call that two subjects had been apprehended.
Detective Mary Colon responded to the dispatch concerning the robbery. Military police, who also heard the dispatch, notified Detective Colon that they had spotted the vehicle. The military police informed her shortly thereafter that the vehicle had struck a pole and building on the corner of Urquhart and St. Roch Streets. The occupants fled the vehicle, and the military police immediately apprehended one of the men trying to climb a fence. The detective arrived at the scene as the military police were apprehending the man. The second man was apprehended approximately an hour later by police using a canine unit.
Mr. Tassin was taken to the scene where he identified the appellant as his assailant. *1076 The appellant was the man apprehended by the military police. Mr. Tassin’s belongings were strewn around the area where the appellant attempted to climb the fence and were recovered by police along with the appellant’s ball cap; |s however, the gun used by the appellant was not recovered. The Buick was registered to the appellant.
ERRORS PATENT
A review of the record reveals two errors patent. First, the district court failed to sentence appellant to a mandatory additional five years imprisonment pursuant to La. R.S. M^RÍA).[1] Thus the sentence is illegally lenient.
In cases where the minimum sentence was not imposed, the Second, Third, and Fifth Circuits have held that the sentences are indeterminate, requiring that the sentences be vacated and the matter remanded for resentencing according to law for clarification of whether the defendant’s sentence includes any additional punishment under La. R.S. 14:64.3. See State v. Weaver, 38,322 (La.App. 2 Cir. 5/12/04), 873 So.2d 909; State v. McGinnis, (La.App. 3 Cir. 4/30/08), 981 So.2d 881; State v. Price, 04-812 (La.App. 5 Cir. 3/1/05), 909 So.2d 612. In light of these cases, we vacate the appellant’s sentence and remand the matter remanded for resentenc-ing.
Second, the district court failed to restrict parole eligibility as required by La. R.S. 14:64. Though the district court neglected to restrict parole eligibility on the sentence, La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of the sentence. State v. Williams, 2000-1725 (La. 11/28/01), 800 So.2d 790.[2]
ASSIGNMENT OF ERROR NUMBER 1
|4By this assignment of error, the appellant asserts that the trial court erred by failing to rule on his motion for new trial prior to imposing sentence. Counsel has since filed a motion to dismiss this assignment; the motion was granted by this court on March 18, 2010.[3]
ASSIGNMENT OF ERROR NUMBER 2
By this assignment of error, the appellant asserts that the trial court abused its discretion by denying his challenge for cause of juror Ford after she admitted during voir dire that she could not be fair.
A trial court is vested with broad discretion in ruling on challenges for cause, and its rulings will be reversed only when a review of the voir dire record as a whole reveals an abuse of discretion. State v. Campbell, 2006-0286, p. 73 (La.5/21/08), 983 So.2d 810, 858; State v. *1077 Leger, 2005-0011, p. 66 (La.7/10/06), 936 So.2d 108, 155. Only where it appears, upon review of the voir dire examination as a whole, that the trial court’s exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the defendant, will an appellate court reverse that ruling. State v. Lee, 93-2810, p. 9 (La.5/23/94), 637 So.2d 102, 108; State v. Passman, 345 So.2d 874, 880 (La.1977).
In State v. Juniors, 2003-2425, pp. 7-9 (La.6/29/05), 915 So.2d 291, 304-305, the court stated:
Louisiana Constitution article I, § 17 guarantees to a defendant the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of peremptory challenges granted a defendant in a capital case is fixed by law at twelve. LSA-C.Cr.P. art. 799. When a defendant uses all twelve of his peremptory | ^challenges, an erroneous ruling of a trial court on a challenge for cause that results in depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence. -See State v. Cross, 93-1189, p. 6 (La.6/30/95), 658 So.2d 683, 686; State v. Bourque, 622 So.2d 198, 225 (La.1993), overruled on other grounds by State v. Comeaux, 93-2729 (La.7/1/97), 699 So.2d 16. Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and a defendant has exhausted his peremptory challenges. State v. Robertson, 92-2660, p. 3 (La.1/14/94), 630 So.2d 1278, 1280; State v. Ross, 623 So.2d 643, 644 (La.1993). Therefore, to establish reversible error warranting reversal of a conviction and sentence, defendant need only demonstrate (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. Cross, 93-1189 at 6, 658 So.2d at 686; Bourque, 622 So.2d at 225.
The appellant and his codefen-dant in the instant case were being tried for armed robbery with a firearm, an offense necessarily punishable by imprisonment at hard labor. Thus, both defendants had twelve peremptory challenges. La. R.S. 14:30.1; La.C.Cr.P. art. 799. The record reflects that each defendant exhausted all twelve of his peremptory challenges.[4] La.C.Cr.P. art. 797(1) provides that the State or the defendant may challenge a juror for cause on the ground that, inter alia, the juror is not impartial, whatever the cause of his partiality. “[A] challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied.” Juniors, 2003-2425 at p. 9, 915 So.2d at 305.
The transcript of voir dire reflects the following exchange between defense counsel and Ms. Ford:
[Defense]: Anyone else who’s been a victim? Let me—
[Juror]: No. I haven’t been—
| ^Defense]: Miss Ford, right?
[Juror]: Yes.
[Defense]: Okay. Miss Ford. Yes. [Juror]: I haven’t been a victim myself. But you mentioned at the beginning when, you know, people watch any shows, just, you know, like killing shows. I am one of those. I can’t watch anything about killing.
[Defense]: Uh-huh.
[Juror]: You know, anything that is scary.
*1078 [Defense]: Okay.
[Juror]: That was Miss Peterson. Cause I don’t watch TV. Okay. Well, somebody—
[Defense]: I don’t watch those programs. But go ahead.
[Juror]: But, emotionally, you know, it-two years ago, like 2000, 2003, I have a cousin who was kidnapped and murdered. I think maybe that is the reason I cannot see anything.
[Defense]: Okay. But let me ask you about being here today, tomorrow. How do you feel, ma'am? I mean, how do you feel?
[Juror]: It’s kinda scary.
[Defense]: Your emotions take — I need you to sit, if you’re selected for this jury, and just like, you know, wipe the slate clean with my client, in particular, but with both defendants. And you come here and be fair to them, just as you should be to the State? Is there a problem with you sitting on this jury, because it’s a charge of armed robbery? [Juror]: Well, you say its gonna be a gun involved there. It’s gonna be, to me-I don’t want to be in that.
[Defense]: Would that affect you sitting and listening to testimony and rendering a fair judgment, either to the State or to the defendants? You have a problem serving with this type of crime?
[Juror]: My decision—
[Defense]: Yes.
17[Juror]: of sending somebody or give them a guilty is gonna be on me too. The judge is — ■
[Defense]: It’s on her. Yes.
[Juror]: Yeah. But it’s gonna depend on what-how I see the case.
[Defense]: You and other members of the jury, yes.
[Juror]: Yeah. So, um, I would say it could be, you know—
[Defense]: Could you sit, pay attention and render a verdict that will be fair to both sides? Can you listen and pay attention and not hold any emotional feelings towards the State or the defense? And you gotta be fair to both sides. But, of course, I’m particular to my client, Mr. Bertholotte. Okay. Is there a problem for you serving? And, I mean, just-you tell me how you feel.
[Juror]: Um, I think I’m not ready to do that.
[Defense]: Okay. And what-what-why would you not be ready? Is it because you can’t pay attention or you have anxiety because—
[Juror]: Right. I associate, you know-association, association of events.
[Defense]: Uh-huh.
[Juror]: You know, it might—
[Defense]: Now, have you been a victim of a crime?
[Juror]: Not me personally.
[Defense]: Someone close to you.
[Juror]: Yeah. My cousin. When my cousin, female, was murdered, kidnapped. And one of my-another cousin — it was pretty—
[Defense]: Okay. We don’t need-I respect-I mean, I don’t need to know all of the-you know, the details. I’m not trying to cut you off, ma'am. But if its difficult for you to talk about, you know, you don’t have to explain that to me. I understand what you’re telling me. And it would be difficult for you to sit. I respect that. Okay.
The transcript shows that defense counsel moved to dismiss Ms. Ford arguing that the juror basically indicated that it would be hard for her to sit 18in judgment of the defendants. The court denied the defense challenge for cause by noting that *1079 Ms. Ford “hasn’t said anything in particular at all.”
The appellant cites State v. Johnson, 96-0950 (La.App. 4 Cir. 8/20/97), 706 So.2d 468, wherein this Court held that a juror, who stated that he would “almost automatically” find the defendant guilty if he knew the defendant was homosexual, should have been excused for cause. The defendant was charged with armed robbery and aggravated rape of a same-sex victim. Johnson is distinguishable from the instant case on its facts.
Two cases in which this Court addressed the issue of whether a potential juror should be dismissed for cause because either she or someone near to her has been a victim of a crime appear more relevant.
In State v. Holmes, 619 So.2d 761 (La.App. 4 Cir. 5/27/93), this Court held that a juror was not impartial and should have been dismissed for cause. She indicated under intense and thorough questioning that she could not assure defense counsel that the fact that her husband had been held hostage at one point would not affect her in judging the defendant. The juror had expressed similar sentiments under questioning by the State and the trial court. Under questioning by the trial court, however, the real issue came out. The defendant was being tried for, inter alia, aggravated kidnapping. The juror’s husband had been taken hostage. Explaining her reservations, the juror expressly stated: “Kidnapping is why.” Holmes, 619 So.2d at 763.
In State v. Robinson, 2008-0652 (La.App. 4 Cir. 5/13/09), 11 So.3d 613, writ denied, 2009-1437 (La.2/26/10), 28 So.3d 269, this Court held that a juror, who stated during voir dire that her “son was robbed and pistol-whipped about four years ago, my younger daughter was attempted car-jacked about two years before 19that, and my oldest daughter was raped at nine o’clock in the morning. I don’t know if I could be impartial,” was not required to be removed for cause in a second-degree murder prosecution. This Court distinguished the case from Holmes, noting that the juror only stated that she did not know if she could be impartial and that she did not affirmatively state that she could not be impartial. In addition, her responses as a whole did not reveal facts from which bias, prejudice, or inability to render judgment according to law could be reasonably implied. Robinson, 11 So.3d at 621.
When comparing the two cases above with the facts in the instant case, we find no abuse of discretion in the trial court’s denying the appellant’s challenge for cause of Ms. Ford. As indicated by the trial court, Ms. Ford’s responses were not emphatic. Thus, as in Robinson, her responses as a whole did not definitively show that she could not be impartial and render a fair verdict. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 3
By his third assignment of error, the appellant asserts that the district court erred by denying his motion for mistrial after his codefendant’s post-voir dire guilty plea and after the State elected to proceed to trial against him on count one only. He urges that the jury during voir dire was tainted by evidence of other crimes committed by him and that the jury would question why his codefendant was not on trial as evidenced by one of the jurors at the end of trial asking whether there was a second case.
The transcript reflects that the motion for mistrial made by counsel was based on the codefendant’s absence at trial. The district court denied the motion, noting that the codefendant chose to enter a guilty plea before the jury re-entered *1080 110the court room and was sworn. The court stated further that it was not going to inform the jury of the specifics of the codefendant’s exit from the case and that it would instruct the jury that only the appellant was on trial. Counsel neither objected nor moved for a mistrial when the State chose to proceed to trial on one count only. As such, this part of his claim was not preserved for review on appeal.
Under La.C.Cr.P. art. 775, a mistrial shall be ordered when prejudicial remarks in the courtroom makes it impossible for the defendant to obtain a fair trial. “Mistrial is an extreme remedy and, except for instances in which the mandatory mistrial provisions of La.C.Cr.P. art. 770 are applicable, should only be used when substantial prejudice to the defendant is shown.” State v. Castleberry, 98-1388, p. 22 (La.4/13/99), 758 So.2d 749, 768. “The determination of whether actual prejudice has occurred, and thus whether a mistrial is warranted, lies within the sound discretion of the trial judge, and this decision will not be overturned on appeal absent an abuse of that discretion.” State v. Wessinger, 98-1234, p. 24 (La.5/28/99), 736 So.2d 162, 183.
As admitted by trial counsel, there is no legal basis for granting a motion for mistrial when a codefendant pleads guilty pri- or to the jury being sworn and evidence heard. As promised by the district court, no mention of the codefendant’s guilty plea was made during appellant’s trial, and the jury was informed that only the appellant’s case would be heard that day. The evidence presented at trial focused on him alone. As such, the appellant suffered no prejudice, and the district court did not abuse its discretion in denying the motion for mistrial. Regarding the juror who inquired about a second case, she asked the question while the jury was being excused and only wanted to know whether she was finished with her jury service. This assignment of error is without merit.
In ASSIGNMENT OF ERROR NUMBER 4
By his final assignment of error, the appellant asserts that his sentence is excessive. As noted in the discussion on errors patent, the appellant’s sentence is indeterminate because the district court failed to specify which, if any, of his sentence was imposed pursuant to the firearm enhancement provisions of La. R.S. 14:64.3. As such, as noted above, the sentence is hereby vacated and the matter remanded for resentencing. Accordingly, we pretermit any discussion of this assignment of error.
CONCLUSION
For the above and foregoing reasons we affirm the defendant’s conviction; vacate the sentence and remand for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

. La. R.S. 14:64.3(A) states:
When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

. The district court may correct this error when it either resentences appellant or imposes a sentence under La. R.S. 15:529.1.

.The general rule is that the failure of a trial court to rule on the merits of a motion for new trial prior to sentencing constitutes an error patent on the face of the record and requires that the sentence be vacated and the case remanded for resentencing. However, because the trial court here ruled on the motion after sentencing, there is no need to remand the matter for a ruling on the motion, and this Court has found such an error harmless. See State v. Turner, unpub., 2008-0265 (La.App. 4 Cir. 1/28/09), 2009 WL 279081. Besides, the sentence already needs to be vacated for other reasons.

. Again, the codefendant entered a guilty plea after voir dire.