PAUL A. BONIN, Judge.
 

 |!A twelve-person jury found Darius Adams, the defendant, guilty-as-charged on four counts.
 
 [1]
 
 Following the verdicts, Mr. Adams filed a motion for post-verdict judgment of acquittal and a motion for new trial.
 
 See
 
 La.C.CR.P. arts. 821 and 851. The trial judge denied the motions and, on the same date, sentenced Mr. Adams. Following his sentencing, Mr. Adams appealed his convictions.
 
 See
 
 La. C.Cr.P. arts. 911, 912 A, and 912 B(l).
 

 Mr. Adams argues on appeal that the trial judge erred, first, in denying his Article 821 motion as to the fourth count of attempted armed robbery with a firearm of Aaron Kirchner, second, in refusing to sever the four offenses which had been joined for trial, and, third, in sentencing him without the statutory delay of twenty-four hours provided in La.C.Cr.P. art. 873.
 

 | Reviewing all of the evidence in the light most favorable to the prosecution, we find that the evidence is sufficient to convince a rational trier of fact that all of the elements of the crime of attempted armed robbery with a firearm of Mr. Kirchner have been proved beyond a reasonable doubt. We also find that the trial judge did not abuse her discretion in refusing to sever the joined offenses for trial. Thus, we affirm all four convictions.
 
 [2]
 

 Because, however, we are unable to ascertain from the sentencing transcript the sentencing-judge’s application of the mandatory imposition of an additional consecutive five-year period of imprisonment on each count,
 
 see
 
 La. R.S. 14:64.3, we vacate the sentences, and we remand to the district court with instructions for the imposition of lawful sentences.
 

 We explain our decision in greater detail in the following Parts.
 

 
 *1168
 
 I
 

 In this Part we describe the historical facts as presented to the jury.
 

 On January 6, 2005, about 9:00 P.M., Jeroen Staarmand and his partner, Jeffrey Brown, left their Carrollton home to walk to a nearby restaurant for dinner. As they walked towards Freret and Dublin Streets, two young black males, one of whom was holding a silver handgun, approached them. The men ordered Mr. Brown and Mr. Staarmand to turn around, and one of the men removed Mr. Brown’s wallet from his back pocket which contained five to ten dollars and his credit cards. Mr. Staarmand handed his wallet to the two robbers which contained his driver’s license, three dollars and two credit cards. The robbers then told Mr. Brown and Mr. Staarmand to walk away, and their victims complied. Mr. Brown telephoned the emergency operator and described the robbers as two heavyset black men in baggy clothing, and he told the operator that one of the men was | ^wearing a white hat. Later, Mr. Staar-mand positively identified Mr. Adams as one of the perpetrators of the armed robbery.
 

 While the officer who had been dispatched was interviewing them, he received another call of a recent robbery nearby in Carrollton.
 

 Ana Lapaz had very recently arrived in the United States as a veterinary surgeon volunteer at the Audubon Zoo. She, too, was residing in the Carrollton section of New Orleans. She and a friend, Philip Stevenson, were walking in her neighborhood around 9:00 P.M. As they were walking, one man, holding a silver handgun, approached them and ordered: “Give me money, give me money.” Ms. Lapaz handed the young man money from her back pocket. She later identified not only Mr. Adams, the defendant, as the man who robbed her, but she also identified the silver handgun that he used. Mr. Stevenson handed his wallet to the young man, but asked him to take only the money and leave the wallet. The robber agreed, but then asked if the couple had any other valuables. They responded that they did not have anything else. The young man then ran to a silver automobile and entered on the passenger side. A second person was driving the car.
 

 On February 4, 2005, Aaron Kirchner left his place of employment at the Boot Bar and Grill on Broadway and Zimple Streets at approximately 9:30 P.M. He observed a young black male, carrying a chrome or nickel plated handgun in his outstretched hand, running towards him. Realizing that he was being robbed and fearing that he would be shot, Mr. Kirchner, who was carrying his own handgun, shot the approaching robber three times. The robber who was shot was a young black male who was later identified as Darius Adams’ brother, Michael |4Adams.
 
 [3]
 
 Shortly thereafter the police learned that Darius Adams had made the emergency 911 call from inside his silver Chevrolet Malibu, to report that his brother had been shot.
 

 Following Michael’s death, Mr. Staar-mand recognized Mr. Adams’ photograph in a newspaper article about the robbery in the area which resulted in the death of one of the robbers. Mr. Staarmand positively identified Darius Adams in the lineup. Mr. Brown, however, was unable to make any identification.
 
 [4]
 

 
 *1169
 
 ii
 

 In his first assignment of error, Mr. Adams focuses on the attempted armed robbery with a firearm of Mr. Kirchner, the bartender. Mr. Adams argues that the trial court erred in denying his motion for post-verdict judgment of acquittal because the prosecution produced no evidence linking defendant to the attempted armed robbery of Mr. Kirchner. Specifically, Mr. Adams argues that there is no evidence that more than one person was perpetrating the robbery of Mr. Kirchner. Mr. Kirchner was certainly unaware of any other perpetrator and was in fact oblivious to the existence of Mr. Adams.
 

 The prosecution’s case against Mr. Adams on this count is based upon the criminal law of principals. “All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.” La. R.S. 14:24;
 
 see also State v. Lewis,
 
 95-0412, p. 9 (La.App. 4 Cir. 9/28/95), 662 So.2d 77, 81.
 

 IsAnd, as to this count, the prosecution concedes that its evidence is primarily circumstantial. “The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every
 
 reasonable
 
 hypothesis of innocence.” La. R.S. 15:438 (emphasis added). The prosecution, however, is not “under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt.”
 
 Holland v. United States,
 
 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Just as the prosecution need not prove every element of a crime beyond
 
 any
 
 doubt (“[a] person accused of crime is presumed by law to be innocent until each element of the crime necessary to constitute his guilt, is proven beyond a
 
 reasonable
 
 doubt.” La.C.Cr.P. Art. 804 A(l) (emphasis added)), it need exclude only every
 
 reasonable
 
 hypothesis.
 

 As we noted earlier, Mr. Adams raised his claim of insufficiency of evidence in the trial court by a motion for post-verdict judgment of acquittal. “A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not
 
 reasonably
 
 permit a finding of guilty.” La.C.Cr.P. Art. 821 B (emphasis added). “That is similar to the standard for appellate review of the sufficiency of evidence to support a defendant’s conviction that the court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.”
 
 State v. Williams,
 
 04-1377, pp. 7-8 (La.App. 4 Cir. 12/1/04), 891 So.2d 26, 30. The trial judge denied the motion and we review the correctness of that ruling
 
 de novo
 
 under the familiar
 
 Jackson v. Virginia
 
 test.
 
 See Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 see also, e.g., State v. Brown,
 
 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18.
 

 | fiIn order to ensure that a criminal defendant’s conviction comports with the constitutional requirement of proof beyond a reasonable doubt,
 
 Jackson v. Virginia
 
 first requires us to review
 
 all
 
 of the evidence considered by the actual trier of fact.
 
 Jackson,
 
 443 U.S. at 319, 99 S.Ct. 2781 (“Once a defendant has been found guilty of the crime charged, the factfin-der’s role as weigher of evidence is preserved through a legal conclusion that
 
 *1170
 
 upon judicial review
 
 all of the evidence
 
 is to be considered in the light most favorable to the prosecution”). Thus, we must consider the evidence of the two other armed robberies and the one other attempted armed robbery even though the defendant argues that it was trial error to admit such evidence in Mr. Adams’ trial on this count (see our discussion in Part III, post). A reviewing court “must consider all of the evidence admitted by the trial court” in determining sufficiency or insufficiency.
 
 See Lockhart v. Nelson,
 
 488 U.S. 38, 41, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). “[W]hen the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal.”
 
 State v. Hearold,
 
 603 So.2d 731, 734 (La.1992).
 

 In reviewing the evidence, we do not ask ourselves whether we believe all the evidence supports a finding of guilt beyond a reasonable doubt.
 
 Jackson,
 
 443 U.S. at 319, 99 S.Ct. 2781. The relevant question is whether “after viewing the evidence in the light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Id.
 
 As a reviewing court, we “must consider the record through the eyes of a hypothetical trier of fact who interprets all of the evidence as favorably to the prosecution as any rational fact finder can.”
 
 State v. Mussall,
 
 523 So.2d 1305, 1309 (La.1988);
 
 see also State v. Jackson,
 
 09-2406 (La.1/19/11), 55 So.3d 767.
 

 [7The prosecution, in this case, was required to prove beyond a reasonable doubt that Mr. Adams (although he may not have been immediately physically present and perhaps not directly and personally pointing a gun at Mr. Kirchner in order to take anything of value belonging to Rim from him) was concerned in the commission of the crime and aided and abetted in its commission by his brother. We are to consider all the direct and circumstantial evidence in reviewing the conviction for sufficiency of evidence.
 
 See State v. Neal,
 
 00-0674, p. 10 (La.6/29/01), 796 So.2d 649, 657.
 

 From a pro-prosecution perspective, the evidence is sufficient for any rational fact-finder to have found the essential elements of the crime charged beyond a reasonable doubt. Mr. Adams was positively identified as having robbed or attempted to rob at least three other people in the same neighborhood within a month of this offense. He had committed the crimes in concert with at least one other perpetrator whose physical description was similar to his. Mr. Adams was very near the scene of this crime in a silver automobile that had been identified previously as a getaway car in one of the earlier robberies. And the gun used by his brother to hold up Mr. Kirchner was the same one he had used to rob Ms. Lapaz. He rapidly learned that his brother had been shot by Mr. Kirchner and was the first to notify emergency services of a need for help.
 

 We have searched the record in an effort to discern Mr. Adams’ hypothesis of innocence. There is nothing to even hint that Mr. Adams resided in the neighborhood, attended school there, or was employed in the area. There was no evidence or argument of an innocent explanation of why he coincidentally was in this same neighborhood where he had committed other crimes against persons at the same time as his brother was in the neighborhood attempting to rob Mr. |sKirchner with the gun he used. In order to discern a reasonable hypothesis of innocence in this case, a fact-finder would be “required to draw a series of improbable inferences from the basic facts.”
 
 See Jackson,
 
 443 U.S. at 325, 99 S.Ct. 2781. To the con
 
 *1171
 
 trary, all conflicting inferences supported by the evidence are presumed resolved in favor of the prosecution.
 
 Jackson,
 
 443 U.S. at 326, 99 S.Ct. 2781.
 

 In this case, any rational trier of fact with a pro-prosecution view of the facts, could have found proof beyond a reasonable doubt that Mr. Adams was concerned with and aided and abetted the attempted armed robbery of Mr. Kirchner. Accordingly, we find no error in the trial court’s denial of Mr. Adams’ motion for post-verdict judgment of acquittal.
 

 Ill
 

 In this Part we address the issue of severance of offenses.
 

 Prior to trial, arguing a misjoinder of offenses, Mr. Adams moved to quash the indictment. In the alternative, he moved to sever the count involving Mr. Kirchner. Mr. Adams asserts that the evidence for the Kirchner count would not have been admissible in a separate trial of the remaining counts either pursuant to
 
 res gestae
 
 or other crimes evidence. Mr. Adams argues that by joining the counts, the evidence that Mr. Kirchner shot and killed Darius Adams’ brother, created an “inflammatory atmosphere.”
 

 La.C.Cr.P. article 493 provides for the joinder of offenses:
 

 Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
 

 hi And La.C.Cr.P. article 495.1 provides for the severance of joined offenses:
 

 If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
 

 Because the offenses of armed robbery and of attempted armed robbery are triable by the same mode of trial,
 
 see
 
 La.C.Cr.P. art. 782, we do not review the ruling on the severance motion as a question of law. Under these circumstances, whether to sever rests within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a showing of abuse of that discretion.
 
 See State v. Brent,
 
 00-0072 (La.App. 4 Cir. 11/29/00), 775 So.2d 565.
 

 Generally, “there is no prejudice and severance is not required if the facts of each offense are not complex, and there is little likelihood that the jury will be confused by the evidence of more than one crime.”
 
 State v. Lewis,
 
 557 So.2d 980, 984 (La.App. 4 Cir.1990). The defendant has a heavy burden of proof when alleging prejudicial joinder of offenses, and he must make a clear showing of prejudice.
 
 State v. Lewis,
 
 97-2854 (La.App. 4 Cir. 5/19/99), 736 So.2d 1004. In determining whether joinder of two or more offenses would result in prejudice, a court should consider: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several
 
 *1172
 
 crimes would make the jury hostile.
 
 Lewis,
 
 97-2854, 736 So.2d 1004 (citing
 
 State v. Guccione,
 
 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060).
 

 |inIn this case, if the court felt the defendant would have suffered prejudice from the joinder, it could have ordered separate trials, but did not. The offenses occurred in the same neighborhood; the facts of each offense were distinct, simple and uncomplicated; and each offense was carried out in a similar manner. The investigating officers who testified documented and distinguished each offense. There is no indication that the state’s presenting evidence of the crimes together confused the jury. There is no suggestion that the defendant’s right to present a defense as to the attempted robbery charge of Mr. Kirchner was hindered. Nor is there anything in the record to suggest the prosecution joined the offenses to show the defendant’s criminal propensity. Although Mr. Adams argues that the jury may have become hostile toward him as a result of the shooting death of his brother, it may just as well be that the jury may have been sympathetic. But, in any event, there is no evidence of jury hostility.
 

 The trial court was reasonable in its finding that Mr. Adams would not be unfairly prejudiced by the authorized joinder of offenses. We find the trial judge did not abuse her discretion in denying the motions.
 

 IV
 

 In this Part we address the problem with the sentences which were imposed on each of the four counts.
 

 Mr. Adams was convicted of two counts of armed robbery with a firearm, a violation of La. R.S. 14:64 and two counts of attempted armed robbery with a firearm, a violation of La. R.S. 14:27 and 14:64. The jury’s verdict found beyond a reasonable doubt that a firearm was used in the commission of each of the offenses charged. La. R.S. 14:64.3. On the two armed robbery with a firearm convictions, Mr. Adams was sentenced to a term of fifty years at hard labor on each count. On |nthe two attempted armed robbery with a firearm counts defendant was sentenced to serve a term of twenty-five years at hard labor on each count. All sentences are concurrent and served without benefit of parole, probation, or suspension of sentence.
 

 For the crime of armed robbery, the sentencing range is between ten and ninety-nine years. La. R.S. 14:64 B. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, an additional penalty of five years shall be imposed, which five years is to run
 
 consecutively.
 
 La. R.S. 14:64.3 A. Also, a sentence for attempted armed robbery must carry with it an additional five years, also to run consecutively. La. R.S. 14:64.3 B. In this case, the trial judge sentenced Mr. Adams to fifty years on each count of armed robbery and twenty-five years on each count of attempted armed robbery but failed to specify whether these sentences included the five-year sentencing enhancement for use of a firearm.
 

 The trial court either failed to sentence the defendant to an additional five years in prison pursuant to La. R.S. 14:64.3 on all counts or failed to specify that it had done so on any of the counts. Because the trial judge did not delay sentencing
 
 [5]
 
 and be
 
 *1173
 
 cause we are unable to ascertain the sentencing judge’s intentions in this matter, we remand for a sentencing hearing.
 

 REMAND INSTRUCTIONS
 

 This matter is remanded for the court to conduct a new sentencing hearing.
 
 See State v. Burton,
 
 09-0826, p. 3 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, 1076. h,As to the Brown count, the district court shall sentence Mr. Adams to hard labor without benefit of probation, parole or suspension of sentence for a period not less than ten years, nor more than ninety-nine years, as provided by La. R.S. 14:64 B (with credit for time served), and to an additional period at hard labor without benefit of probation, parole or suspension of sentence for a period of five years, to be served consecutively to the preceding period.
 
 See
 
 La. R.S. 14:63 A. Likewise, with respect to the Staarmand count, the district court shall sentence Mr. Adams to hard labor without benefit of probation, parole or suspension of sentence for a period not less than ten years, nor more than ninety-nine years, as provided by La. R.S. 14:64 B (with credit for time served), and to an additional period at hard labor without benefit of probation, parole or suspension of sentence for a period of five years, to be served consecutively to the preceding period.
 
 See
 
 La. R.S. 14:64.3 A.
 

 As to the Lapaz count, the district court shall sentence Mr. Adams to hard labor without benefit of probation, parole or suspension of sentence for a period not less than five years, nor more than forty-nine years and six months, as provided by La. R.S. 14:27 and 14:64 B (with credit for time served), and to an additional period at hard labor without benefit of probation, parole or suspension of sentence for a period of five years, to be served consecutively to the preceding period.
 
 See
 
 La. R.S. 14:64.3 B. Likewise, with respect to the Kirchner count, the district court shall sentence Mr. Adams to hard labor without benefit of probation, parole or suspension of sentence for a period not less than five years, nor more than forty-nine years and six months, as provided by La. R.S. 14:27 and 14:64 B (with credit for time served), and to an additional period at hard labor without benefit of probation, |13parole or suspension of sentence for a period of five years, to be served consecutively to the preceding period.
 
 See
 
 La. R.S. 14:64.3 B.
 

 The sentencing judge may order that the four sentences run concurrently with each other and with any other sentence.
 
 [6]
 

 See
 
 La.C.Cr.P. Art. 883.
 

 If, after the imposition of sentences upon remand, Mr. Adams files a motion to reconsider the sentences, we reserve his right to an appeal of the sentences.
 
 See
 
 La.C.Cr.P. Arts. 881.1 and 911.
 

 DECREE
 

 The convictions of Darius Adams on two counts of armed robbery with a firearm and two counts of attempted armed robbery with a firearm are affirmed. The sentences imposed on Darius Adams in this matter on May 14, 2010, are vacated. The case is remanded to the district court for further proceedings as directed by our remand instructions.
 

 CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED WITH INSTRUCTIONS
 

 
 *1174
 
 ORDER
 

 Considering the defendant-appellant’s motion for rehearing,
 

 IT IS ORDERED that rehearing in this matter is DENIED.
 

 IT IS FURTHER ORDERED that, with respect to new claims for relief asserted in his motion, mover has two years from the finality of the judgment within which to file for post-conviction relief. See La.C.Cr.P. ART. 980.8 A.
 

 [1]
 

 . On two of the counts, the verdicts were not unanimous. The less-than-unanimous verdicts were returned as to Count 1 (Armed Robbery With a Firearm of Jeffery Brown) and Count 4 (Attempted Armed Robbery With a Firearm of Aaron Kirchner). Arguing that a less-than-unanimous twelve-person jury, as authorized by La. Const. art. I, § 17(A) and La.C.Cr.P. art. 782 A, unconstitutionally deprives him of his Sixth Amendment right to trial by jury, Mr. Adams assigns these verdicts as error and we dispose of that assignment in this footnote. But the unanimity requirement of the Sixth Amendment is not applicable to the states by the Fourteenth Amendment.
 
 See Apodaca v. Oregon,
 
 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184;
 
 State v. Bertrand,
 
 08-2215, 08-2311, p. 8 (La.3/17/09), 6 So.3d 738, 743;
 
 State v. Barbour,
 
 09-1258 (La.App. 4 Cir. 3/24/10), 35 So.3d 1142,
 
 writ denied,
 
 2010-0934 (La.11/19/10), 49 So.3d 396,
 
 cert. denied, Barbour v. Louisiana,
 
 - U.S. -, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011). This assignment of error is without merit.
 

 [2]
 

 . We have, as we always do, reviewed the record for errors patent.
 
 See
 
 La.C.Cr.P. art. 920(2). We have identified only one error patent,
 
 see
 
 Part IV,
 
 post,
 
 but it does not affect the convictions, only the sentences imposed.
 

 [3]
 

 . The record sometimes indicates the brother's name as Micah Adams or Mike Adams.
 

 [4]
 

 . The trial transcript makes clear that although Mr. Brown could not identify Mr.
 
 *1169
 
 Adams, neither did he exclude him as one of the perpetrators.
 

 [5]
 

 . Mr. Adams notes in an assignment of error that he was sentenced on May 10, 2010, the same date that his motion for a new trial and motion for judgment of acquittal were denied, without a waiver of the delay required by La.C.Cr.P. art. 873. Generally, the failure of a trial court to observe this delay is considered harmless error when a defendant does not
 
 *1173
 
 challenge his sentence on appeal.
 
 State v. Collins,
 
 584 So.2d 356 (La.App. 4 Cir.1991). However, because we are remanding this matter to the trial court due to the sentencing error discussed above, we pretermit discussion of this assignment of error.
 

 [6]
 

 .
 
 The judge had previously ordered the sentences to run concurrently with each other and with a sentence in case number 487-203.