EDWIN A. LOMBARD, Judge.
_JjThe Appellant, Lawrence E. Burton, appeals the re-imposition of a sentence, on remand, of thirty (30) years and an additional five (5) year sentence, to be served without benefit of probation, parole or suspension, for a violation of La.Rev.Stat. 14-M.&.[1] Finding that the district court did not err, we affirm.
The facts of this matter were previously set forth by our court in State v. Burton, 09-0826 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073.[2] The facts pertinent to our review of the instant appeal are detailed herein.
Burton was arrested on June 2, 2008, charged with one count of La.Rev.Stat. 14:64.3, armed robbery where a firearm was used in the commission of the robbery, *866 and one count of La.Rev.Stat. 14:27(64.3), attempted armed robbery with a firearm. At trial, Burton was found guilty of one count of La.Rev.Stat. 14:64.3, and was later sentenced to serve thirty (30) years in the custody of the 1 ^Louisiana Department of Corrections without benefits to be served consecutively with any other sentences. However, the district court did not mention the enhancement provision found in La.Rev.Stat. 14:64.3, requiring that defendants found guilty thereof be sentenced to serve an additional five years without benefit of probation, parole or suspension.
Burton appealed the conviction citing various assignments of error, including arguing that his thirty-year sentence was excessive; nevertheless, we affirmed Burton’s conviction. Id., p. 11, 43 So.3d at 1080. Additionally, this Court further chose to pretermit any ruling on the excessive sentence assignment of error upon learning that the sentence itself made no reference to the firearm enhancement provision found in La.Rev.Stat. 14:64.3. Id, p. 2, 43 So.3d at 1076. We held that the omission rendered the sentence illegally indeterminate, and vacated the sentence of thirty years and remanded the case for resentencing. Id. (citing State v. Weaver, 38,322 (La.App. 2 Cir. 5/12/04), 873 So.2d 909, State v. McGinnis, (La.App. 3 Cir. 4/30/08) 981 So.2d 881, and State v. Price, 04-812 (La.App. 5 Cir. 3/1/05), 909 So.2d 612).
In March 2012, the trial court dismissed the State’s multiple bill and the case was closed. On April 18, 2012, the trial court convened a hearing for the purpose of resentencing Burton in accordance with this Court’s ruling. The trial court then sentenced Burton to serve: 1) thirty (30) years with the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence, and 2) an additional five years with the Department of Corrections without benefit of probation, parole or suspension, in accordance with the firearm enhancement. The total sentence of thirty-five (35) years is to be served concurrently with any other sentences he may be serving.
| aBurton timely appealed the trial court’s corrected sentence. Thereafter, Burton filed a pro se brief. In total, he raises three (3) assignments of error:
1) The trial court erred in going beyond the remand order and increasing the term of the sentence, after appeal;
2) The trial court erred in imposing an unconstitutionally excessive sentence under the circumstances of the offense and the offender, as to the pre-termitted issue from the original appeal, and
3) In his pro se brief, Burton argues that the district court did not have subject matter jurisdiction in this case where the State instituted prosecution against appellant for a non-offense.
The first assignment of error raised by Burton is that the trial court erred in going beyond the remand order and increasing the term of the sentence, after appeal. Burton argues that that the trial court misinterpreted the order of this Court in his prior appeal. He maintains that we never instructed the trial court to resentence him; rather, he avers that our Court asked only that the trial court state whether the firearm enhancement mandated by La.Rev.Stat. 14:64.3 of five years had been included in his thirty year sentence. The district court, he argues, erred in adding five years to his sentence pursuant to the firearm statute.
Article 882 of the Louisiana Code of Criminal Procedure, entitled Correction of illegal sentence; review of illegal sentence, provides in pertinent part:
*867 A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable ease by writs of certiorari and prohibition.
1¿Burton relies upon State v. Fraser, 484 So.2d 122, 124-125 (La.1986), in which the Supreme Court addressed article 882 and the issue of post-appellate sentence enhancement in opining:
Article 882 A, as amended, merely authorizes an appellate court to correct an illegal sentence on review. Nothing in the amendment suggests that an appellate court may correct an illegally lenient sentence of which the prosecutor has not complained. Article 882 B still requires an application for review of an illegal sentence by either the defendant or the prosecutor. Of course, the appellate court may correct a patent error when the matter is otherwise properly before the court on appeal, but there is no codal or statutory authority for an appellate court to search the record for patent sentencing errors to the detriment of the only party who sought review by the appellate court. [Emphasis added].
In Fraser, the Supreme Court further reasoned that an appellate court is prohibited, on an appeal taken by the defendant, from imposing a sentence more severe than the sentence from which the appeal was taken. Id. Burton argues essentially that when a defendant “alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant” because when a court of appeal reviews a sentencing error that is unfavorable to a defendant it provides “a chilling effect on defendant’s exercise of his right to appeal.” State v. Napoli, 437 So.2d 868 (La.1983) (citing State v. Goodley, 398 So.2d 1068 (La.1981)).
Burton further argues that the State did not move to correct the trial court’s sentence as illegally lenient. With regard to the duty of the State to object timely to illegally lenient sentences, Burton cites State v. Washington, 522 So.2d 628, 634 (La.App. 4 Cir.1988) (on rehearing), wherein we refused to consider the State’s objection to a lenient sentence raised in its appellate brief in an effort to obtain a harsher penalty. We reasoned that the State should have instead filed “a motion to |ficorrect the sentences in the trial court, answered defendants’ appeals, or applied for writs of review.” Id.
In Burton’s prior appeal, we found that Burton’s sentence was indeterminate because the firearm enhancement was not included in his sentence from our review of the record. The district court’s realization, upon remand, that the enhancement had not been included and that the sentence of Burton needed to be increased, is not an error. The sentencing enhancement is statutorily mandated pursuant to La.Rev.Stat.l4:64.3. Therefore, a trial court that discovers upon remand that the firearm enhancement was not previously calculated into sentencing must include it. We explained that a court that corrects an illegal sentence does not create a chilling effect on the defendant’s exercise of his right to appeal because the correcting court is “only assuring that his sentence will conform to the terms of the statute under which he was convicted.” State v. Gayden, 452 So.2d 783, 784 (La.App. 4 Cir.1984); see also State v. *868 Williams, 00-1725, pp. 9-10 (La.11/28/01), 800 So.2d 790, 798. Burton’s reliance upon the holdings of Fraser and Washington, therefore, is misplaced. The district court acted in compliance with our directives on remand, and thus, this assignment of error is without merit.
The second assignment of error raised by Burton is that the trial court erred in imposing an unconstitutionally excessive sentence under the circumstances of the offense and the offender. He argues that the trial court gave no explanation for the length of the sentence it imposed, nor did the court discuss his criminal record. Thus, he argues his sentence of thirty-five (35) years is illegal under RLa.Code Crim. Proc. Art. 894.1.[3] He also lists mitigating factors that should have been considered; however, none of those factors was presented at the time he was sentenced.
A trial court’s discretion in sentencing will not be set aside where abuse of discretion is not manifest. State v. Smith, 01-2574, p. 6 (La.1/14/03) 839 So.2d 1, 4. Furthermore, pursuant to State v. Walker, 00-3200, p. 2 (La.10/12/01) 799 So.2d 461, 462, while sentences must comply with La.Code Crim. Proc. Art. 894.1, no sentence will be set aside for excessiveness if supported by the record. See also State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819. Lastly, we explained the application of article 894.1 in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D). [Emphasis added].
We find that the record supports the thirty-year sentence imposed on Burton because during the commission of the offense he held a gun to the victim’s head and threatened to kill him. Pursuant to La.Rev.Stat. 14:64.3, the sentencing range faced by Burton is between fifteen (15) and one hundred and four (104) years at hard labor without benefit of parole. Burton’s sentence falls within this statutory 17range. Additionally, the sentence imposed is not excessive when compared to other armed robbery sentences that have been upheld.
For example, in State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, the Supreme Court noted that the defendant’s forty-year sentence was “within the thirty-five to fifty-year range this Court has found acceptable for first offenders convicted of armed robbery. State v. Thomas, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50; State v. Augustine, 555 So.2d 1331, 1332 (La.1990) and the cases cited therein.” Likewise, in State v. Wix, 02-1493 (La.App. 4 Cir. 1/15/03), 838 So.2d 41, we upheld two (2) thirty-seven-year sentences for two (2) counts of armed robbery. Thus, the district court did not abuse its discretion when it imposed the thirty-year sentence on Burton, and this assignment of error is without merit.
Lastly, the assignment of error raised by Burton in his pro se brief is that the district court did not have subject matter *869 jurisdiction in this case because the State instituted prosecution against him for a non-offense. He argues that La.Rev.Stat. 14:64.3 is not a crime, but a sentencing enhancement statute. Thus, he contends that because he has not been charged with an actual crime, “the only jurisdiction the trial court has is to quash the bill entirely, unless it is properly amended.” He argues, therefore, that he is “entitled to have his underlying convictions and sentences vacated and set aside and remanded for a new trial on the grounds that the proceeding against him is an absolute nullity and therefore legally void.”
The bill of information filed by the Orleans Parish District Attorney’s Office reads as follows:
Lawrence Burton ... late of the Parish of Orleans, on the 11th day of APRIL in the year of our Lord, two thousand AND EIGHT in the Parish of Orleans [¡^aforesaid, and within the jurisdiction of the Criminal District Court of the Parish of Orleans, WHILE ARMED WITH A DANGEROUS WEAPON, TO WIT: A HANDGUN, ROBBED NICHOLAS TASSIN OF U.S. CURRENCY, CELL PHONE, KNIFE AND WALLET ...
In State v. Crosby, 338 So.2d 584, 588 (La.1976), the Louisiana Supreme Court defined jurisdictional defects as those which do not permit conviction of the charged offense, even conceding a defendant’s factual guilt. The Crosby Court identified one such jurisdictional defect as being when the charge in the indictment does not constitute a crime. Id.
Article 494 of the Louisiana Code of Criminal Procedure provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Our Court explained the application of art. 494 in State v. Galindo, 06-1090, (La.App. 4 Cir. 10/3/07), 968 So.2d 1102:
The Bill of Information must contain all the elements of the crime intended to be charged in sufficient particularity to allow the defendant to prepare for trial, to enable the court to determine the propriety of the evidence that is submitted upon the trial, to impose the appropriate penalty on a guilty verdict, and to protect the defendant from double jeopardy. State v. Allen, 00-0194 (La.App. 4 Cir. 08/01/01), 793 So.2d 426, 433, citing State v. Comeaux, 408 So.2d 1099 (La.1981).
Id., 06-1090, p. 12, 968 So.2d at 1111 (quoting State v. Johnson, 02-254 (La.App. 5 Cir. 6/26/02), 822 So.2d 840).
|9In the matter sub judice, the language of the bill of information specifically accuses Burton of having robbed the victim while armed with a gun. Louisiana Rev. Stat. 14:64 defines armed robbery as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.” Additionally, La.Rev.Stat. 14:64.3 pertains to armed robberies that are committed with the use of a firearm. Comparing the bill of information to the statutes at issue, we find that Burton was sufficiently notified by the wording of the bill of information of the crimes with which he was being charged as the bill of information details that Burton committed a robbery while armed with a *870 firearm. Thus, it is clear that Burton was charged with an “offense” over which the trial court, as a state court of Louisiana, had “subject-matter” jurisdiction. We find that this assignment is without merit.
Furthermore, the record does not reveal that Burton raised the issue of the alleged insufficiency of his indictment in the district court. Burton did file a pro se motion to quash in the district court, but the basis for the motion was that the bill of information “is defective, in that, it seek [sic] enhancement of sentence to a non-felony offense with [sic] which is contrary to the provision of La. R.S. 15:529.1 A.”
Our Court reasoned in Galindo that a defendant is precluded from raising claims challenging the sufficiency of an indictment after a verdict has been rendered:
A defendant may not complain of technical insufficiency in an indictment for the first time after conviction, when the indictment fairly informed the accused of the charge against him and the defendant is not prejudiced by the defect. State v. Michels, 98-608 (La.App. 5 Cir. 1/13/99), 726 So.2d 449. The omission of an essential fact does not necessarily create a prejudicial error because such facts can be supplied during discovery, by a bill of particulars. State v. Allen, supra. For these reasons, after the verdict a defendant ordinarily cannot complain of the insufficiency of a Bill of Information “unless it is so defective that it does not set forth an identifiable offense against the laws of this state and inform the defendant of the statutory basis of the offense.” State v. Allen, 793 So.2d 426, 434. [Emphasis added.]
Galindo, p. 12, 968 So.2d at 1102.
As explained above, the bill of information sufficiently alerted Burton that he was being charged with the armed robbery, and because he did not raise this issue in the district court prior to being convicted, we find that this assignment of error is untimely raised.
DECREE
For the foregoing reasons, we affirm the judgment of the district court re-imposing, on remand, a thirty-year sentence and adding an additional five-year sentence to be served without benefit of probation, parole or suspension, on Lawrence E. Burton for a violation of La.Rev.Stat. 14:64.3.
AFFIRMED
LOBRANO, J., concurs in the result.

. La.Rev.Stat. 14:64.3 states, in pertinent part:
A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

. An errors patent review was also conducted in Burton’s prior appeal.

. La.Code Crim. Proc. Art. 894.1 provides in pertinent part:
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.