BELSOME, Judge.

FACTS AND PROCEDURAL HISTORY

liThe facts giving rise to the charged offenses occurred on or about August 25, 2014, at approximately 4:30 a.m. at a Wal-greens location in Chalmette, Louisiana, At the time, three Walgreens employees and one customer were inside the store. Lan Nguyen, a service clerk at the Wal-greens, testified that she was working the overnight shift in the photo department when she heard the front door chime and observed an African American man, later identified as the defendant, Ben Amos, run towards her with a gun. Ms. Nguyen was speaking with customer, Jacob Schiro, when the defendant entered the store. Both Ms. Nguyen and Mr. Schiro testified that the defendant approached the two of them with his gun drawn, and ordered *825 them to the back of the store in search of the store’s safe.
As the defendant violently directed the victims down an aisle toward the rear of the store, they encountered another Wal-greens service clerk, Todd Robert. The defendant proceeded to point his gun at Mr. Robert and demand he proceed with 12them to the back of the store. At this time, the three victims observed a second gunman approach, point a gun, and echo the defendant’s orders.
The gunmen eventually directed all three victims through the back of the store to the employee break room. Ms. Nguyen and Mr. Robert testified that they were told to lie face down on the floor, at which time they were patted down. Mr. Robert removed a wallet from his pocket, and the gunmen took a cellphone from Ms. Nguyen. The testimony also indicates that the defendant and his accomplice forced Mr. Schiro on the ground and attempted to secure his hands with zip-ties.
While in the break room, the gunmen continuously demanded that the victims open the store’s safe. Ms. Nguyen and Mr. Robert advised the perpetrators that neither of the clerks had the combination to the safe. The gunmen proceeded to repeatedly threaten the lives of the victims if the safe was not opened. At some point during this exchange, a customer loudly broadcasted over the intercom and demanded to be checked out. Startled, upon healing this, the defendant ran out of the room, and never returned.
Moments later, the defendant’s accomplice fled through the back exit. Officers waiting outside the back entrance to the store were able to apprehend the defendant’s accomplice immediately. Other Of-fleers positioned in the parking lot witnessed the defendant fleeing from the front of the store and, after setting up a perimeter, were able to apprehend him behind a store located across the street from the Walgreens. Ms. Nguyen estimated that the victims were held captive in the break room for a total of forty-five minutes to an hour.
|sThe police were called by Chris Mum-phrey, the overnight store manager. Upon realizing that his store was being robbed, Mr. Mumphrey exited the store, unnoticed by the gunmen, and called 911. After the incident, Mr. Mumphrey provided the police with surveillance tapes, which were played for the jury.
Deputy Donald Shriver responded to a call from dispatch about an armed robbery in progress at the store. While questioning an individual in the parking lot, Deputy Driver witnessed another individual with dreadlocks run out of the front of the store.[1] Deputy Driver pursued the individual on foot and, after briefly losing visual, apprehended the defendant upon finding him in a trash dumpster behind a business across the street from the Wal-greens. Detective Ryan Melerine was also on the scene when the defendant was arrested, and advised him of his Miranda rights before the defendant indicated that he had left his weapon in the Walgreens.
Sergeant Cory Beebe also responded to the scene. Upon arrival, Sergeant Beebe entered the store through the front door. While positioned inside the store, he witnessed an individual, with dreadlocks and black clothing, flee through the front door. Sergeant Beebe identified the defendant as the individual he observed fleeing through the front entrance of the store. After *826 being advised by Detective Melerine that ■the defendant had left' his weapon in the store, Sergeant Beebe located and seized the weapon from a store aisle.
DOn April 8, 2014, the defendant was charged by bill of indictment with three counts, of aggravated kidnapping and three counts of armed robbery with a firearm, in violation of La. R.S. 14:44 and La. R.S. 14:64.8, respectively. The defendant appeared before .the trial court on April 14, 2015, and pled not guilty to the charges. Additionally, the defendant filed several pre-trial motions, including a motion to suppress statement, which was ultimately denied. The matter proceeded to trial on June 2, 2015, and a jury found the defendant guilty on all three counts of aggravated kidnapping, while finding him guilty of armed robbery with a firearm as to one count and guilty of attempted armed robbery with a firearm on the remaining two counts. •
The defendant was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence ior each count of aggravated kidnapping. Further, the defendant was sentenced to fifty years at hard labor without benefit of probation, parole, or suspension of sentence for the armed robbery charge; and fifteen years at hard labor without benefit of probation, parole, or suspension of sentence as to the two counts of attempted armed robbery.[2] The defendant objected, to the sentences and filed a motion for appeal, which the trial court granted.

ASSIGNMENTS OF ERROR

1. The State failed to prove beyond a reasonable doubt that the defendant was guilty of aggravated kidnapping.
k2. There is- insufficient evidence to support the defendant’s convictions for armed robbery with a firearm and attempted armed robbery with a firearm.
3. The trial court imposed unconstitutionally excessive sentences.
4. The defendant received ineffective ■ assistance, of counsel.

ERRORS PATENT

A review of the record reveals an errors patent with regard to the defendant’s sentences for armed robbery with a firearm and attempted armed robbery with a firearm. In the bill of indictment, the .State invoked the firearm sentence provision of La. R.S. 14:64:3, which provides1 that when a firearm is used in the commission of an armed robbery or attempted armed robbery, the “offender shall be imprisoned for an additional period of five years without benefit of’parole, probation, or suspension of sentence.”
The tidal court sentenced the defendant to fifty years at hard labor without benefit of probation, parole, or suspension of sentence for the one count of armed robbery with a firearm; and fifteen years without benefits for the two counts of attempted armed robbery with a firearm.[3] The.trial court did. not, however, specify whether those sentences included the enhanced term of imprisonment under La. R.S. 14:64.3.
*827 This Court has previously held that a sentence is indeterminate, when the trial court fails to impose a consecutive five-year enhancement as mandated by La. R.S. 14:64.3. State v. Burton, 2009-0826, p. 3 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, 1076. In such cases, the court must vacate the sentences and remand the matter for resentencing or clarification as to whether the defendant’s sentence includes any additional punishment as prescribed by La. R.S. 14:64.3. Id.; see State v. Adams, 2010-1140, p. 11 (La.App. 4 Cir. 6/1/11), 68 So.3d 1165, 1172-1173. Accordingly, we vacate the sentences as to the convictions for armed robbery and attempted armed robbery, and remand for resentencing.

DISCUSSION

Standard of-Review

For the defendant’s first two assignments of error, he challenges the sufficiency of the evidence to support his convictions. In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This Court, in State v. Sparkman, 2008-0472, pp. 6-7 (La.App. 4 Cir. 1/28/09), 5 So.3d 891, 895, stated that the Jackson standard is legislatively embodied in La.C.Cr.P. art. 821(B), which provides that a “post-verdict judgment of acquittal shall be granted'only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.”
' A reviewing court, however, is not permitted to consider just the evidence most favorable to the prosecution, and must consider the record as. a whole. State v. Haynes, 2013-0323, pp. 7 (La.App. 4 Cir. 5/7/14), 144 So.3d 1083, 1087. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. Id. Additionally, “[a] factfinder’s credibility decision should not be disturbed unless it is clearly contrary to the evidence.” State v. McMillian, 2010-0812, p. 6 (La.App. 4 Cir. 5/18/11), 65 So.3d 801, 805 (citations omitted).
When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which’ the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). In using circumstantial evidence to convict, the elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from the Jackson v. Virginia standard outline above; rather, it is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 817 (La.1987).

Assignment of Error 1

As his first assignment of error, the defendant contends that the State failed to prove beyond a reasonable doubt that he was guilty of the three counts of aggravated kidnapping. La. R.S. 14:44, which defines aggravate kidnapping, provides, in pertinent part:
Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent | «present or prospective-value, •or to grant any advantage or immunity, in order to secure a release of the per *828 son under the offender’s actual or present control:
1. The forcible seizing and carrying of any person from one place to another; or
2. The enticing or persuading of any person to go from one place to another; or
3. The imprisoning or forcible secreting of any person.
First, the defendant argues that there was insufficient evidence to show that he intended to extort anything of value from any of the three victims in order to secure their release. The Louisiana Supreme Court has held that the crucial question in determining whether an aggravated kidnapping has occurred is “whether the defendant sought to obtain something of value, be it sex or money or loss of simple human dignity, by playing upon the victim’s fear and hope of eventual release in order to gain compliance with his demands.” State v. Arnold, 548 So.2d 920, 924 (La.1989); see State v. Leger, 2005-0011, p. 96 (La.7/10/06), 936 So.2d 108, 1173. Proof of intent to extort can be show by “analyzing whether a reasonable person in the victim’s position would believe that she would not be safely released unless she complied with the kidnapper’s demands.” Arnold, 548 So.2d at 924.
In the instant case, the record shows that the defendant used a gun to compel Ms. Nguyen, Mr. Schiro, and Mr. Robert to the back of the store, and ultimately into the employee break room, where the victims were ordered to lie face down with their hands behind their backs, while the defendant and his accomplice repeatedly threatened to kill them if they did not open the store’s safe. All three victims testified that they feared for their lives during the incident. In fact, the testimony shows that Ms. Nguyen was crying and wondering aloud as to who would take care of her kids if she were killed. Under these circumstances, it was | ¡¡certainly reasonable for the victims to have believed that they would not be safely released unless they complied with the defendant’s demands to open the safe. See State v. Westbrook, 2014-1055, 2014 WL 7338523, at *15 (La. App. 1 Cir. 12/23/14) (finding sufficient evidence to support the extortion element of aggravated kidnapping, where a victim, while detained in a room at gunpoint, believed he would be shot if he did not comply with the defendant’s demands to open a safe). The defendant need not expressly announce to the victims that they would be released only upon compliance with his demands. See Arnold, 548 So.2d at 924. Accordingly, a rational juror could find that the defendant intended to obtain something of value from the victims to secure their release.
Secondly, the defendant contends that there is insufficient evidence to convict him of the aggravated kidnapping of Ms. Nguyen, Mr. Schiro, and Mr. Robert because they were never transferred from the Walgreens store to another location. See La. R.S. 14:44(1). For an aggravated kidnapping to have occurred under La. R.S. 14:44, the defendant must have performed only one of the three enumerated acts. Therefore, it is unnecessary for us to decide whether the forced movement of the victims from one part of the store to another satisfied the first enumerated act under La. R.S. 14:44-that is, the “forcible seizing and carrying of any person from o.ne place to another.” Instead, we look to see whether the defendant’s actions were sufficient to show that, pursuant to La. R.S. 14:44(3), he imprisoned of forcibly secreted the victims inside the Walgreen’s break room.
This Court in State v. Williams, 2002-0260 (La.App. 4th Cir.3/12/03), 842 So.2d 1143, found that the- moving of victims *829 within their home satisfied the “imprisoning or forcibly secreting of any person” element of second degree Inkidnapping.[4] In Williams, the defendant physically threatened his wife in their home, at which time she ran outside and was subsequently forced back inside by the defendant who was wielding a shovel. Id. at 1143-45. Ultimately, the victim in Williams, was chased upstairs into a room where she was confined for a time and assaulted. Id.
Similarly, the record, here, shows that all three victims were forced at gunpoint by the defendant and his accomplice to the back of the Walgreens and confined in the employee break room for a time that was estimated by one victim to be forty-five minutes to an hour. These actions are clearly sufficient to show, pursuant to La. R.S. 14:44(3), that the defendant imprisoned or forcible secreted the victims inside the Walgreen’s break room. See Westbrook, 2014-1055, 2014 WL 7338523, at *10 (La.App. 1 Cir. 12/23/14) (finding sufficient evidence that the defendant committed aggravated kidnapping pursuant to La. R.S. 14:44(3), when the victims were confined at gunpoint in their bedroom while the perpetrators took money from a safe in the same room).
Because the defendant confined the victims to a room by gunpoint, sought to obtain money from the safe and threatened to kill the victims if his demands were not met, there is sufficient evidence to convict Defendant on all counts of aggravated kidnapping. Therefore, the defendant’s convictions on these counts are affirmed.

Assignment of Error 2

As his second assignment of error, the defendant contends that there is insufficient evidence to support his convictions for armed robbery with a firearm and attempted armed robbery with a firearm. In order to prove armed robbery with |ua firearm, the. State must prove beyond a reasonable doubt that the defendant (1) took “[something] of value belonging to another from the person of another or that is in the immediate control of another, by force or intimidation, while armed with a dangerous weapon;” and (2) that the “dangerous weapon used in the commission of the crime of armed robbery is a firearm.” See La. R.S. 14:64(A); La. R.S. 14:64.3(A); see also, State v. Butler, 2014-1016, pp. 6-7 (La.App. 4 Cir. 2/11/15), 162 So.3d 455, 461.
The defendant argues that there is insufficient evidence to support his convictions because the State cannot show that defendant had the intent to take anything from the victims. Armed robbery is a general intent crime. State v. Smith, 2007-2028, p. 10 (La.10/20/09), 23 So.3d 291, 297. General intent is present “when circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act of failure to act.” La. R.S. 14:10(2). An offender has the requisite intent when the prohibited result may have reasonably been expected to follow from the offender’s voluntary act, regardless of any subjective desire on his part to have accomplished the result. Smith, 2007-2028, p. 10, 23 So.3d at 298.
The defendant was convicted of the armed robbery with a firearm of Ms. Nguyen, but contends that the State did not show that he took, or intended to take, anything from the victims within their immediate control. However, the record shows that the defendant and his accom- *830 pliee patted down Ms. Nguyen, removed a cellphone ■ from her possession, and that this cellphone was never recovered. This is sufficient to show that the' defendant took something of value from Ms. Nguyen. 112Therefore, it was reasonable for a jury to find that the defendant ■ committed armed robbery with a firearm against Ms. Nguyen. Accordingly, we affirm his conviction on this count.
With regard to Defendant’s convictions of attempted armed robbery with a firearm of Mr. Robert and Mr. Schiro, the defendant must have had specific intent to commit these crimes.[5] Specific criminal intent is the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act, and it may be' inferred from the circumstances surrounding the offense and the conduct of the defendant. La. R.S. 14:10(1); State v. Weary, 2003-3067, p. 11 (La.4/24/06), 931 So.2d 297, 311. That is, to convict a defendant of attempted- armed robbery with a firearm, the State must prove that the defendant, with the specific intent to commit armed robbery, did or omitted an act for the purpose of and'tending directly toward the taking of anything of value belonging to another, from the person of another or in the immediate control of another, by the use of force or intimidation, while armed with a firearm. La. R.S. 14:27; La. R.S. 14:64(A); La. R.S. 14:64.3(A). The determination whether specific intent exists is a fact question for the jury. State v. Ordodi, 2006-0207, p. 11 (La.11/29/06), 946 So.2d 664, 661.
As. to Mr. Robert, the testimony indicates that after being escorted to. the break room by the gunmen and being forced to lie face down with his hands behind his back, he was patted down, and observed' the gunmen remove Ms. Nguyen’s cell phone from her person. | iaIn response, Mr. Robert removed his wallet and placed it on the floor in front of him. Nothing in the record indicates that the offenders fled the scene with the wallet; nevertheless, considering the circumstances, it was certainly reasonable for a juror to have found that the defendant had the intent to take something of value from Mr. Robert. Therefore, we affirm the defendant’s conviction on this count.
On the other hand, Mr. Schiro testified that he was not patted down by the gunmen and nothing was taken from him during the robbery. However, Mr. Schiro, like the other two victims, was herded at gun point into the employee break room, ordered to lie face-down with his hands behind his back, and was victim to the relentless verbal threats made by the gunmen. Additionally, the perpetrators attempted to secure Mr. Schiro’s extremities with zip-ties. ‘Though nothing was physically removed from Mr. Schiro’s person during the incident, Mr. Schiro witnessed the gunmen take Ms. Nguyen’s cell phone, and similarly saw Mr. Robert remove his wallet while prone on the break room floor. Under these circumstances, viewing the evidence in a light most favorable to the prosecution, a rational juror could absolutely conclude that the defendant had the requisite specific intent to take -something of value from Mr. Schiro as required to establish attempted armed robbery. Accordingly, we affirm the conviction as to the attempted armed robbery with a firearm of Mr. Schiro.

*831
Assignment of Error 3

As his third assignment of error, the defendant argues that the trial court imposed an ■ unconstitutionally excessive sentence. At the outset, it is important to note that the defendant did not file 'a motion to reconsider following the trial court’s imposition of sentences. La. C.Cr.P. art. 881.1(E) (providing that the failure to make or file a motion to reconsider sentence shall preclude the defendant from |uraising an objection to the sentence on appeal or review). However, the defendant did object to the sentences at the hearing, and this Court has found that a simple objection lodged after sentencing is sufficient to preserve the claim of constitutional excessiveness. See State v. Landfair, 2010-1693, p. 17 (La.App. 4 Cir. 7/20/11), 70 So.3d 1061, 1072. Therefore, the issue of excessiveness has been preserved for review, and this Court may review the sentences on this ground.
That said, this Opinion will not address the exeessiveness of the armed robbery or attempted armed robbery sentences. As discussed above, the sentences on these two charges were indeterminate because the trial court failed to specify if those sentences were imposed pursuant to the firearm enhancement provisions of La. R.S. 14:64.3. As a result, the sentences should be vacated and remanded for resen-tencing, and the assignment of error with regard to these sentences is moot. See State v. Burton, 2009-0826, p. 11 (La.App. 4 Cir. 7/14/10), 43 So.3d 1073, 1080 (preter-mitting discussion on excessiveness of the defendant’s sentence for armed robbery where the sentence was vacated and remanded for resentencing because the trial court failed to imposed the requisite five year imprisonment for his use of a firearm during the commission of the crime).
With regard to the remaining sentences, Article I, § 20 of' the Louisiana Constitution prohibits not only “cruel” and “unusual” punishment, but “excessive” punishment as well.[6] La. Const, art. I, § 20; see U.S. Const, amend. VIII. Here, the trial court imposed the mandatory sentence to each' count of aggravated | |Bkidnapping.[7] However, a sentence within its statutory limits can still be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La. 1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 2000-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462. Accordingly, a reviewing *832 court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); see State v. Robinson, 2011-0066, p. 17 (La.App. 4 Cir. 12/7/11), 81 So.3d 90, 99. We must determine whether the trial court adequately complied with the statutory sentencing guidelines set forth in La.C.Cr.P. art. 894.1, as well as whether the particular circumstances of the case warrant the sentence imposed. State v. Jasper, 2014-0125, p. 20 (La.App. 4 Cir. 9/17/14), 149 So.3d 1239, 1252 (citing State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189). The trial court need not have recited the entire checklist of La.C.Cr.P. art. 894.1, but the record must reflect that it adequately considered the guidelines. State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Davis, 448 So.2d 645, 653 (La.1984).
|1fiIn the present case, the defendant argues that his sentences for the three counts of aggravated kidnapping were excessive because the judge did not consider any mitigating factors.[8] However, a review of the record shows that the defendant’s contentions are not accurate.[9] The trial court specifically noted the sentencing guidelines of La.C.Cr.P. art. 894.1, the testimony of the defendant’s father, and that it sympathized with the family of the defendant.[10] Nonetheless, the trial court found that the serious nature of the crimes with which the defendant was convicted, coupled with his use of a dangerous weapon and violent threats during the commission of these crimes, outweighed the mitigating circumstances. Additionally, contrary to the assertions of the defendant, the record shows that he was very actively involved in the robbery as a whole, and the kidnapping of the victims. Accordingly, the trial court’s imposition of the statutorily mandated sentence is not constitutionally excessive, and we affirm the life sentences for the three counts of aggravated kidnapping.

Assignment of Error k

Lastly, the defendant argues that he received ineffective assistance of counsel. In order to prevail on a claim for ineffective assistance of counsel, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on rehearing); State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741; see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel’s performance is deficient when it falls short of the counsel guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Ash, 1997-2061, p. 9 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, *833 669.[11] The defendant has the burden to show that he was prejudiced by such deficiency, and to carry this, he must show that, but for the counsel’s performance there is a “reasonable probability” that the result of the proceeding would have been different. Strickland, 466 U.S. at 693, 104 S.Ct. at 2068; State v. Guy, 1997-1387, p. 7 (La.App. 4 Cir. 5/19/99), 737 So.2d 231, 236. That said, if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” State v. Bordes, 1998-0086, p. 8 (La.App. 4 Cir. 6/16/99) 738 So.2d 143, 147 (quoting State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986)).
The defendant argues that his defense counsel was ineffective because: (1) counsel failed to raise his “intellectual deficiency]” and coercion defenses at trial; (2) counsel failed to challenge the waiver of his Miranda rights and his subsequent statement to police; (3) counsel failed to develop any mitigating evidence for his lissentencing hearing; and (4) counsel failed to file a motion to reconsider his sentences.
“As a general rule, claims for ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full evidentiary hearing can be conducted if warranted.” State v. Howard, 1998-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802. As to the defendant’s claims regarding counsel’s failure to raise his mental limitations and coercion as justification defenses, as well as his claims concerning the waiver of his Miranda rights, these would, per general rule, be more effectively adjudicated in an application for post-convictions relief. The record before this Court is insufficient to allow for an adequate review of these issues. C.f. Bordes, 1998-0086, p. 8, 738 So.2d at 147 (stating that where the record is sufficient, the claims may addressed on appeal). The defendant’s claims concerning ineffective assistance of counsel-at sentencing, however, are not within the jurisdiction of post-conviction proceedings when, as in this case, the sentence imposed is within a statutorily authorized range. State v. Cotton, 2009-2397, p. 2 (La.10/15/10), 45 So.3d 1030, 1031 (per curiam); State v. Boyd, 2014-0408, p. 8 (La.App. 4 Cir. 2/11/15), 164 So.3d 259, 264. As such, the ineffective assistance at sentencing claims are reviewed below.
In claiming ineffective assistance of counsel at his sentencing hearing, the defendant argues that his counsel failed to develop mitigating evidence for sentencing because counsel (1) did not file a motion for consideration of a downward departure of the mandatory life sentence, and (2) failed to request a pre-sentencing report. However, the defendant has failed to demonstrate how, aside from uncorroborated testimony of his father concerning his education and mental limitations, he is entitled to an exception from the mandatory life sentence | ^provided by La. R.S. 14:44.[12] Further, the defendant fails to specify what pertinent information might have been obtained from a pre-sentencing investigation, which could have resulted in the *834 imposition of a less severe sentence. As such, the defendant cannot show that he was prejudiced by defense’ counsel’s alleged failure to develop this mitigating evidence.
Lastly, the defendant claims ineffective assistance of counsel as to their failure tQ file a motion to reconsider his sentences and thereby not preserve for review the issue of excessive sentences,' However, as noted above, counsel objected to the sentence at the sentence hearing, thereby sufficiently preserving the issue for review.[13] The excessiveness of the defendant’s sentences has been considered in this opinion.
Accordingly, we defer the defendant’s claims concerning counsel’s failure to raise certain defense and challenge his Miranda waiver to be reviewed upon application to post-conviction relief, and find no merit in Defendant’s remaining contentions that counsel’s performance was constitutionally deficient.

CONCLUSION

Considering the foregoing reasons, this court affirms the Defendant’s convictions and sentences for the three, counts of aggravated kidnapping. Further, this court affirms the Defendant’s conviction . of armed robbery with a firearm of Ms. Nguyen and attempted armed robbery -with a firearm of Mr. Robert and Mr. Schiro. As for the sentences the defendant received for the armed robbery with a firearm and attempted armed; robbery with a firearm, this court finds that they are indeterminate, thus, we vacate and remand the case to trial court for resentencing 12nand/or clarification on these counts. Lastly, this court- denies the defendant’s claims for ineffective’assistance of counsel at sentencing and for their failure to file a motion to reconsider, and defers the remaining ineffective assistance claims to be more properly raised in an application for post-conviction relief. • •
AFFIRMED, REMAND FOR RESEN-TENCING

. All victims identified the defendant as an African American male with dreadlocks who was wearing a bandana on his face. Two of the three victims indicated that he was also wearing all black clothing.

. Prior to sentencing the defendant, the triál court denied motion for new-trial and post-verdict judgment of acquittal..

. The term of imprisonment for the commission of an armed robbery is hard labor for not less than ten years and not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B). the term of imprisonment for attempted armed robbery is not more than forty-nine and one-half years at hard labor, without benefit of parole, probation, or suspension of sentence. La, R.S, 14:64(B); La. R.S. 14:27(D)(3).

. The second degree kidnapping element of “imprisoning or forcible secreting of any person” under La. R.S. 14:44.1(B)(3) is identical to the aggravated kidnapping element under La. R.S.14:44(3).

, An attempt occurs when the offender, “having the specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object.” La. R.S. 14:27(a).

. The Louisiana Constitution differs from the Eighth Amendment to the U.S. Constitution in its explicit prohibition of excessive sentences. This "deliberate inclusion by the redactors of the Constitution of a prohibition against ‘excessive’ as well as cruel arid unusual punishment broadened the duty of this court to review the sentencing aspects of criminal statutes.” State v. Hamdalla, 2012-1413, p. 14 (La.App. 4 Cir. 10/2/13), 126 So.3d 619, 626 writ denied, 2013-2587 (La.4/25/14), 138 So.3d 642 (quoting State v. Baxley, 94-2982, p. 4 (La.5/22/95); 656 So.2d 973, 977).

. Pursuant to La. R.S. 14:44, the mandatory statutory punishment for a conviction of aggravated kidnapping is life imprisonment at hard labor without the benefit of parole, .probation, or suspension of sentence.

.The defendant argues that this is one of those rare circumstances where a downward departure from a mandatory life sentence is justified. See, State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672 (to rebut presumption that mandatory minimum sentence is constitutional, defendant must clearly and convincingly show that he is exceptional, i.e., is victim of legislature’s failure to assign sentences that are meaningfully tailored to culpability of offender, gravity of offense, and circumstances of case).

. But see, State v. Hill, 40,023, p. 9 (La.App. 2 Cir. 9/21/05), 911 So.2d 379, 384 (where there is a constitutional mandatory sentence, there is no need for the trial court to justify, under La.C.Cr.P. art. 894.1, a sentence it is legally required to impose).

. The defendant’s father, Ben Smith, testified that Defendant was mentally and intellectually deficient; that the defendant’s uncle-accomplice had a negative influence over him; and that the defendant had four children.

. The Sixth Amendment of the United States Constitution provides:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district where the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted, witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.”

. See supra, pp. 832-33.

. See supra, p. 831,