STATE OF LOUISIANA          *          NO. 2024-KA-0105

VERSUS                      *          COURT OF APPEAL

JERMAL WILLIAMS             *          FOURTH CIRCUIT

                            *          STATE OF LOUISIANA

                            *

                            *
                     * * * * * * *


TFL
**LOVE, C.J., CONCURS AND ASSIGNS REASONS**

I respectfully concur with the results reached by the majority. I write separately to expound upon Mr. Williams' contention regarding insufficient evidence.

Mr. Williams asserts that the evidence presented at trial was insufficient to sustain his manslaughter conviction because the circumstantial evidence on which the State relied at trial "did not exclude the reasonable hypothesis of innocence that [he] was not among the persons inside the pickup truck during the commission of the murder."

The Supreme Court provided the standard for review of a claim of insufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979):

> …the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. (Emphasis in original).

"When circumstantial evidence is used to prove the commission of the

1

offense, La. R.S. 15:438 requires that 'assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.'" *State v. Brown*, 03-0897, p. 22 (La. 4/12/05), 907 So. 2d 1, 18 (quoting *State v. Neal*, 00-0674, p. 9 (La. 6/29/01) 796 So. 2d 649, 657).

"Circumstantial evidence is 'evidence of facts or circumstances from which one might infer or conclude the existence of other facts.'" *State v. Gilliam*, 21-0506, p. 13 (La. App. 4 Cir. 3/10/22), 336 So. 3d 513, 523-24, *writ denied*, 22-00537 (La. 6/8/22), 338 So. 3d 1194, and *writ denied*, 22-00601 (La. 6/8/22), 338 So. 3d 1197, *reconsideration not considered*, 22-00601 (La. 9/6/23), 369 So. 3d 810 (quoting *State v. Amos*, 15-0954, p. 11 (La. App. 4 Cir. 4/6/16), 192 So. 3d 822, 835). "When a conviction is based on circumstantial evidence, the evidence 'must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.'" *Id*.

La. R.S. 15:438 is an evidentiary guideline for appellate review, and is not a separate test from the *Jackson v. Virginia* test. *State v. Mack*, 13-1311, p. 9 (La. 5/7/14), 144 So. 3d 983, 989; *State v. Brown*, 12-0587, pp. 7-8 (La. App. 4 Cir. 2/27/13), 157 So. 3d 616, 621. Thus, "[a] reasonable alternative hypothesis is not one 'which could explain the events in an exculpatory fashion,' but one that 'is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.'" *Mack*, 13-1311, p. 9, 144 So. 3d at 989 (quoting *State v. Captville*, 448 So .2d 676, 680 (La. 1984)).

It is well-settled that "[i]t is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence." *State v. Richards*, 11-0349, p. 9 (La. App. 4 Cir. 12/1/11), 78 So. 3d 864, 869 (citing *State v. Cummings*, 668 So. 2d 1132 (La. 1996)). "Upon review of the record as a whole, if rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's

view of all the evidence must be adopted." *State v. Bradley*, 18-0734, p. 4 (La. App. 4 Cir. 5/15/19), 272 So. 3d 94, 97 (citing *State v. Mussall*, 523 So. 2d 1305, 1310 (La. 1988)).

Mr. Williams avers that, considering other evidence introduced at trial, "the State has failed to preclude the reasonable hypothesis that [he] was not among those in the pickup truck at the time of the murder." Specifically, Mr. Williams maintains that evidence introduced at trial that: "other persons were observed driving [his] truck two weeks after the murder;" other persons had access to his apartment; one person was seen not only driving the truck but carrying a firearm into the apartment on the day that [his gun] was discovered there; and two burner phones found in the apartment were not connected to him, creates a reasonable hypothesis of innocence.

Conversely, the State contends that the evidence introduced at trial "clearly eliminates any reasonable hypothesis of his innocence" because Mr. Williams admitted ownership of the truck and gun used during the commission of the crime. In addition, the State provides that the phone record report, which indicated that Mr. Williams' cell phone followed the same path as the white Chevrolet Colorado around the time of the shooting.

The jurors were presented with evidence that, as Chris McCann drove his vehicle on Claiborne Avenue, he was killed as a result of multiple gunshot wounds he sustained when three people shot at him from a truck Mr. Williams later admitted owning. The jurors observed the shooting on footage from an RTCC camera; two shooters fired from the passenger side of the truck, and a third person drove the truck. The jurors also observed RTCC footage that tracked Mr. Williams' truck traveling from the site of the shooting to the Westbank. The last RTCC video that captured the truck was located at the intersection of Newton and Whitney Streets in Algiers, close to Mr. Williams' residence.

Through an expert witness in firearms examination, jurors learned that casings on the scene established that the bullets were fired from an AR-15 type rifle, an AK-47, and a 40 caliber Smith and Wesson. Forensic testing determined that a cartridge from the 40 caliber Smith and Wesson found at the scene was fired from a Ruger found at Mr. Williams' residence. In a recorded statement to the lead detective on the case, Mr. Williams admitted ownership of the Ruger.

Finally, an expert in cell phone analysis testified that the movement of Mr. Williams' cell phone around the time of the shooting was consistent with the movement of Mr. Williams' truck.

The circumstantial evidence discussed above proved collateral facts and circumstances from which the jury could reasonably infer that Mr. Williams was present in the truck at the time of the shooting. Viewing the circumstantial evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the State proved Mr. Williams' identity as one of the perpetrators of Chris McCann's murder. Accordingly, I concur in the results.